UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

CLAUDE SIMILUS,

                                    Plaintiff,      **COMPLAINT AND DEMAND FOR A JURY TRIAL**

    -v-

                                    12-CV-0019 (AJN) (JLC)

THE CITY OF NEW YORK; NEW YORK CITY
POLICE DEPARTMENT ("NYPD") OFFICER JOHN
DOE 1; NYPD SERGEANT JOHN DOE 2; NYPD
DETECTIVE JOHN DOE 3 (the name JOHN DOE
being fictitious, as the true name and shield number
are presently unknown), in their individual and official
capacities,

                                  Defendants.

------------------------------------------------------------------X

Plaintiff CLAUDE SIMILUS, by his attorneys DAVID B. RANKIN and ROBERT M. QUACKENBUSH of the Law Office of Rankin and Taylor, as and for his complaint, does hereby state and allege:

## PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983, and pendant claims for violations of plaintiff's rights under Article I, §§ 6 and 12 of the Constitution of the State of New York and the laws of the State of New York.

1

2. Plaintiff CLAUDE SIMILUS' rights were violated when officers and agents of the New York City Police Department ("NYPD") unconstitutionally and without any legal basis arrested him for reasons that are still completely unknown to plaintiff.

3. By reason of defendants' actions, particularly their unlawful arrest, plaintiff was deprived of his constitutional, statutory, and common law rights.

4. Plaintiff also seeks an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343 (3-4). This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the Fourth and Fourteenth Amendments to the Constitution of the United States.

6. Pursuant to New York General Obligations Law § 50-G, plaintiff filed a timely Notice of Claim with the New York City Comptroller on or about August 2, 2011, within ninety (90) days of his unlawful arrest on July 5, 2011. Thus, this Court has supplemental jurisdiction over plaintiff's claims against defendants under the Constitution and laws of the State of New York because they are so related to the within federal claims that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

7. Plaintiff's claim was not adjusted by the New York City Comptroller's Office within the period of time provided by statute.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that plaintiff's claim arose Bronx County, within the confines of the United States District Court for the Southern District of New York.

9. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

## PARTIES

10. Plaintiff CLAUDE SIMILUS is, and was at all times relevant to this action, a resident of Bronx County in the State of New York.

11. Defendant THE CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY assumes the risks incidental to the maintenance of a police force, as well as the employment of police officers, as said risks attach to the public consumers of the services provided by NYPD.

12. NEW YORK CITY POLICE DEPARTMENT ("NYPD") OFFICER JOHN DOE 1, NYPD CAPTAIN JOHN DOE 2, and NYPD DETECTIVE JOHN DOE 3 (the name JOHN DOE being fictitious, as the true names and shield numbers are presently unknown) (referred to collectively as the "individual defendants") are and were at all times relevant herein, officers, employees and agents of the NYPD.

13. The individual defendants are being sued herein in their individual and official capacities.

14. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of NYPD and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

15. The true names and shield numbers of defendants JOHN DOE 1 through JOHN DOE 3 are not currently known to plaintiff. However, those defendants are employees or agents of the NYPD. Accordingly, those DOE defendants are entitled to representation in this action by the New York City Law Department ("Law Department") upon their request, pursuant to New York General Obligations Law § 50-k. The Law Department, then, is hereby put on notice (a) that plaintiff intends to name the DOE defendants in an amended pleading once their true names and shield numbers become known to plaintiff and (b) that the Law Department should immediately begin preparing the DOE defendants' defense(s) in this action.[1]

16. Defendants' acts hereafter complained of were carried out intentionally, recklessly, with malice and gross disregard for plaintiff's rights.

17. At all relevant times, the individual defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

## STATEMENT OF FACTS

18. The events described herein occurred principally in the vicinity of Willis Avenue and East 137th Street in Bronx County on July 5, 2011 at approximately 3:30 p.m. and thereafter.

19. At approximately the time and place described supra, plaintiff entered a convenience store in order to a sandwich and buy some cigarettes.

20. Having made the purchases, plaintiff left the store and walked on East 137th Street through the crosswalk, crossing Willis Avenue.

---

[1] By identifying this defendant as "JOHN DOE," plaintiff does not intend to make any representation concerning that person's gender.

21. Once plaintiff had crossed Willis Avenue, defendant OFFICER DOE 1 (who can roughly be described as a Latino male with short, dark hair), wearing plainclothes, got out of his vehicle and yelled towards plaintiff, in sum and substance, "HEY YOU, COME HERE."

22. Plaintiff complied with the order and walked towards the officer.

23. When plaintiff got close to defendant OFFICER DOE 1, the officer requested to see plaintiff's identification.

24. In an attempt to find his identification, plaintiff began shuffling through the pockets in his cargo shorts which were full of napkins, a pack of cigarettes, and other items.

25. Plaintiff informed the officer that he could not find his identification, but, as a substitute, he handed the officer his time card from work which contained plaintiff's name and date of birth on it.

26. Defendant OFFICER DOE 1 took plaintiff's time card back to his vehicle. Upon information and belief, the officer used the information on the time card to verify plaintiff's identification.

27. Soon thereafter, defendant OFFICER DOE 1 asked plaintiff if he had any warrants.

28. In response, plaintiff truthfully replied he did not have any warrants out against him.

29. Defendant OFFICER DOE 1 began giving plaintiff a hard time about not having a photo identification with him.

30. In response, plaintiff offered to call his wife so the officer could speak with her and verify his identification.

31. Defendant OFFICER DOE 1 agreed to speak with plaintiff's wife.

32. Accordingly, plaintiff used his cell phone to call his wife. Once plaintiff had his wife on the line, plaintiff put her on speakerphone so his wife would speak with defendant OFFICER

DOE 1. During that conversation, plaintiff's wife verified plaintiff's name and date of birth; it was the same information that was on his timecard.

33. At some point during this interaction, another police vehicle approached the area. The vehicle contained defendant SERGEANT DOE 2 (who can roughly be described as a short, Caucasian male with a bald head).

34. Defendant SERGEANT DOE 2 walked towards plaintiff and defendant OFFICER DOE 1 and asked, in sum and substance, "WHAT'S THE PROBLEM?"

35. In response, defendant OFFICER DOE 1 responded, in sum and substance, that it was a case of mistaken identification, that the officer thought plaintiff was somebody else.

36. Defendant SERGEANT DOE 2 then asked plaintiff, in sum and substance, "WHERE DO YOU LIVE?"

37. In response, plaintiff told the sergeant that he lived uptown.

38. Defendant SERGEANT DOE 2 then told plaintiff, in sum and substance, "BE MORE SPECIFIC. WHAT'S YOUR BUSINESS HERE?"

39. Plaintiff responded, in sum and substance, that he was walking to a park and that he grew up in that neighborhood.

40. Defendant SERGEANT DOE 2 began asking questions about where plaintiff lived. Upon information and belief, defendant SERGEANT DOE 2 then attempted to compare plaintiff's answers to the information on the computer read-out inside the police vehicle.

41. Defendants OFFICER DOE 1 and SERGEANT DOE 2 then privately conferred and appeared to consult a computer read-out in one of the police vehicles.

42. Soon thereafter, and without explanation, defendant OFFICER DOE 1 approached plaintiff and told him they needed to take plaintiff to the NYPD's 40th Precinct to verify his identify.

43. The officer then placed plaintiff under arrest, rear-cuffed him, and took him to the precinct.

44. Upon arrival at the precinct, an officer began emptying plaintiff's pockets, which were full of napkins, cigarettes, and other small items.

45. In the process of emptying plaintiff's pockets, one of the officers found plaintiff's state-issued photo identification.

46. Thus, upon finding the photo identification, the officers had all the information they needed to verify plaintiff's identification.

47. Instead of releasing him, defendant SERGEANT DOE 2 ordered that plaintiff be taken upstairs to the detectives' office.

48. Upon arrival in the detectives' office, one of the individual defendants handcuffed plaintiff by the wrist to a nearby pole. This defendant was in plainclothes, wearing a New York Yankees jersey.

49. Defendant DETECTIVE DOE 3 (who can roughly be described as a tall Caucasian male with blonde or white hair and who was wearing a coffee-colored business suit) told plaintiff, in sum and substance, he would be right back.

50. Defendant DETECTIVE DOE 3 left plaintiff chained to the pole for approximately the next ninety minutes.

51. When defendant DETECTIVE DOE 3 returned, he told plaintiff that he needed to take plaintiff's photo. After telling plaintiff this, defendant DETECTIVE DOE 3 took out his personal cell phone to take plaintiff's picture.

52. Plaintiff objected, asking the detective why his picture needed to be taken at all, much less with the detective's personal phone.

53. Defendant DETECTIVE DOE 3 ignored plaintiff's question, snatched plaintiff's hat from off of his head without plaintiff's consent, and took a picture of plaintiff on his personal cell phone.

54. Defendant DETECTIVE DOE 3 then left the room.

55. About fifteen to thirty minutes later, defendant DETECTIVE DOE 3 returned to the room with plaintiff's phone, cash and other belongings, stating, in sum and substance, "HERE YOU GO. YOU'RE OUTTA HERE."

56. Plaintiff's was then uncuffed from the pole and was thereafter released from custody at approximately 6:20 p.m.

57. Accordingly, plaintiff was in police custody for approximately three hours.

58. No charges were brought against plaintiff related to this incident.

## FIRST CLAIM
## DEPRIVATION OF RIGHTS
## UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983

59. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

60. Defendants, under color of state law, subjected the plaintiff to the foregoing acts and omissions, thereby depriving plaintiff of his rights, privileges and immunities secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights: (a) freedom from unreasonable searches and seizures of his person; (b) freedom from arrest without probable cause; (c) freedom from false imprisonment, meaning wrongful detention without good faith, reasonable suspicion or legal justification, and of which plaintiff was aware and did not consent;; and (d) freedom from deprivation of liberty without due process of law.

61. Defendants' deprivation of plaintiff's constitutional rights resulted in the injuries and damages set forth above.

## SECOND CLAIM
## FAILURE TO INTERVENE – FOURTH AMENDMENT – 42 U.S.C. § 1983

62. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

63. Members of the NYPD have an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe another member of the Police Department or other law enforcement agency employing unjustified and excessive force against a civilian or falsely arresting a civilian.

64. Defendant OFFICER DOE was present for the above-described incident and witnessed defendant SERGEANT DOE unlawfully arrest and handcuff the plaintiff.

65. Defendant OFFICER DOE's violations of plaintiff's constitutional rights by failing to intervene in other defendant SERGEANT DOE's clearly unconstitutional arrest of plaintiff resulted in the injuries and damages set forth above.

## THIRD CLAIM
## RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK
## FOR VIOLATIONS OF THE LAWS OF THE STATE OF NEW YORK

66. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

67. The conduct of the individual defendants alleged herein occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as an agents and employees of defendant CITY, clothed with and/or invoking state power and/or authority, and, as a result, defendant CITY is liable to plaintiff pursuant to the state common law doctrine of *respondeat superior*.

68. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

### FOURTH CLAIM
### ASSAULT AND BATTERY
### UNDER THE LAWS OF THE STATE OF NEW YORK

69. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

70. By the actions described above, and specifically by placing him in handcuffs without justification or consent, defendants did inflict assault and battery upon plaintiff. The acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

71. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

### FIFTH CLAIM
### FALSE ARREST AND FALSE IMPRISONMENT
### UNDER THE LAWS OF THE STATE OF NEW YORK

72. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

73. By the actions described above, defendants caused to be falsely arrested or falsely arrested plaintiff, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the defendants were the direct and

proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

74. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM
## INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## UNDER THE LAWS OF THE STATE OF NEW YORK

75. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

76. By the actions described above, defendants engaged in extreme and outrageous conduct, which intentionally and/or negligently caused severe emotional distress to plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

77. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM
## NEGLIGENCE
## UNDER THE LAWS OF THE STATE OF NEW YORK

78. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

79. The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate

cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

80. As a result of the foregoing, plaintiff was deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM
## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION, AND TRAINING
## UNDER THE LAWS OF THE STATE OF NEW YORK

81. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

82. Defendant CITY negligently hired, screened, retained, supervised, and trained defendants. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

83. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## JURY DEMAND

84. Plaintiff demands a trial by jury in this action on each and every one of his damage claims.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

   a.   That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish, and humiliation; and

   b.   That he be awarded punitive damages against the individual defendants; and

  c.  That he be compensated for attorneys' fees and the costs and disbursements of this action; and

  d.  For such other further and different relief as to the Court may seem just and proper.

Dated: New York, New York
    January 3, 2012

               Respectfully submitted,

               /s/
          By: _____
               David B. Rankin (DR 0863)
               Robert M. Quackenbush (RQ 0427)
               Law Office of Rankin & Taylor
               *Attorneys for the Plaintiff*
               350 Broadway, Suite 7001
               New York, New York 10013
               t: 212-226-4507